HOOTAN TROY FARAHMAND (SBN: 230345)
3575 Cahuenga Bl. West, #580
Los Angeles, CA 90068
Telephone: (310) 560-0606
Facsimile: (310) 829-0225
Email: HTF@HTFLAWFIRM.COM
JOE OLLINGER (SBN: 285641)
3348 Griffith Park Blvd. #22
Los Angeles, CA 90027
Telephone: (310) 424-0097
Email: josephollinger@gmail.com
Attorneys for Plaintiff,
STAR FABRICS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAR FABRICS, INC., a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>SMILES FASHION CORP., a New York corporation; a Minnesota corporation; OSP GROUP, INC. d/b/a ONESTOPPLUS.COM, an Indiana corporation; ALIGHT.COM, a New York business entity of form unknown; ROSS STORES, INC., d/b/a DD'S DISCOUNTS; and DOES 1 through 10,<br><br>    Defendants. | Case No. 2:14-cv-5540<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT;<br><br>Jury Trial Demanded |

Plaintiff STAR Fabrics, INC. ("Plaintiff" or "STAR FABRICS"), by and though its undersigned attorneys, hereby prays to this honorable Court for relief and remedy based on the following:

## INTRODUCTION

Plaintiff creates and obtains unique two-dimensional graphic artworks for use on textiles, which textiles are transacted primarily in the fashion industry.

Plaintiff owns these designs in exclusivity and makes sales of products bearing these designs for profit. Plaintiff's business is predicated on its ownership of these designs and it spends a considerable amount of time and resources creating and obtaining top quality, marketable, and aesthetically-appealing designs. Customers of Plaintiff take design samples with the understanding and agreement that they will utilize only Plaintiff to reproduce said designs should they wish to do so, and will not seek to make minor changes to Plaintiff's proprietary work to reproduce the same elsewhere. This action is brought to recover damages for direct, vicarious, and contributory copyright infringement arising out of the misappropriation of Plaintiff's intellectual property rights in certain of these designs, by Defendants, and each of them.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § § 1331(m), 1338 (a-b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff STAR FABRICS is a corporation organized and existing under the law of the State of California with its principal place of business located at 1440 East Walnut, Los Angeles, California 90011.

5. Plaintiff is informed and believes and thereon alleges that Defendant G SMILES FASHION CORP. ("SMILES") is a corporation organized and existing under the laws of the state of New York with its principal place of business located at 555 Seacaucus Road, Seacaucus, New Jersey 07094, and is doing business in and with the State of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant OSP GROUP, INC. d/b/a ONESTOPPLUS.COM ("ONESTOPPLUS") is a corporation organized and existing under the laws of the State of Indiana with its principal place of business at 2300 Southeastern Ave., Indianapolis, IN 46201, and is doing business in and with the State of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant ALIGHT.COM. ("ALIGHT") is a business entity of form unknown with its principal place of business at 300 Woodbury Road, 2nd Floor, Woodbury, New York 11797, and is doing business in and with the State of California.

8. Plaintiff is informed and believes and thereon alleges that Defendant ROSS STORES, INC. ("ROSS") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 5130 Hacienda Drive, Dublin, California 94568, and is doing business in and with the State of California.

9. Plaintiff is informed and believes and thereon alleges that some of Defendants DOES 1 though 3, inclusive, are manufacturers and/or vendors of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric printed with Plaintiff's copyrighted design(s) (as hereinafter defined) without Plaintiff's knowledge of consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise, of Defendants DOES 1-3, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when the same have been ascertained.

10. Defendant DOES 4 though 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual,

1  or otherwise, of Defendants 4 through 10, inclusive, are presently unknown to
2  Plaintiff, which therefore sues said Defendants by such fictitious names, and will
3  seek leave to amend this Complaint to show their true names and capacities when
4  the same have been ascertained.

5      11.    Plaintiff is informed and believes and thereon alleges that at all times
6  relevant hereto each of the Defendants was the agents, affiliate, officer, director,
7  manager, principal, alter-ego, and/or employee of the remaining Defendants and
8  was at all times acting within the scope of such agency, affiliation, alter-ego
9  relationship and/or employment; and actively participated in or subsequently
10 ratified and adopted, or both, each and all of the acts of conduct alleges, with full
11 knowledge of all the facts and circumstances, including, but not limited to, full
12 knowledge of each and every violation of Plaintiff's rights and the damages to
13 Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN TITLES "41254"

15     12.    Prior to the conduct complained of herein, Plaintiff purchased original
16 source artwork from an art studio and created a multi-element pattern design
17 suitable for printing on textiles. Plaintiff allocated to this artwork the Internal
18 Design Code "No. 41254" ("Subject Design") (attached hereto as EXHIBIT 1").

19     13.    Plaintiff applied for copyright registration from the United States
20 Copyright Office and was granted Registration No. VA0001783912 on July 21,
21 2011 (attached hereto as "EXHIBIT 2"). Plaintiff filed a supplementary
22 registration to correct an error in the entry of information in the original
23 registration, which was made effective October 12, 2012 (also attached in
24 EXHIBIT 2).

25     14.    Prior to the acts complained of herein, Plaintiff sampled and sold
26 fabric bearing the Subject Design to numerous parties in the fashion and apparel
27 industries. The first date of publication of 41254 was February 1st, 2008.
28

15. Following this distribution of product bearing the Subject Design, Plaintiff's investigation revealed that and each of them created, manufactured, caused to be manufactured, imported, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar, to the Subject Design and/or distributed fabric bearing a design that is identical or substantially similar to the Subject Design and/or garments comprised of such fabric ("Subject Garment"). Said garments include but are not limited to units, which is attached hereto as Exhibit 3. (attached hereto as "EXHIBIT 3")

16. Plaintiff formatted the Subject Design for use on textiles, sampled the Subject Design to prospective customers, and negotiated sales of fabric bearing the Subject Design.

17. Plaintiff's investigation into the unlawful use of its proprietary designs revealed that Defendant SMILES was creating, distributing, and selling for profit garments which infringed the Subject Design ("Infringing Garments A, B, and C").

18. Plaintiff is informed and believes, and thereon alleges, that Defendant SMILES made slight alterations to the Subject Design and had its modified design printed elsewhere, with knowledge that the Subject Design was Plaintiff's proprietary design.

19. Plaintiff's investigation into the unlawful use of its proprietary designs revealed that Defendant ALIGHT was purchasing, distributing, and selling for profit garments which infringed the Subject Design ("Infringing Garments A, B, and C").

20. Plaintiff's investigation further revealed that Infringing Garments B were sold by SMILES and DOE defendants to ALIGHT and DOE defendants, and that said defendants were acting in concert in selling garments infringing Plaintiff's copyright.

21. Plaintiff's investigation into the unlawful use of its proprietary designs revealed that Defendant ONESTOPPLUS was purchasing, distributing, and selling

for profit garments which infringed the Subject Design ("Infringing Garments A and B").

22. Plaintiff's investigation further revealed that Infringing Garments B were sold by SMILES and DOE defendants to ONESTOPPLUS and DOE defendants, and that said defendants were acting in concert in selling garments infringing Plaintiff's copyright.

23. Plaintiff's investigation into the unlawful use of its proprietary designs revealed that Defendant ROSS was purchasing, distributing, and selling for profit garments which infringed the Subject Design ("Infringing Garments B and C").

24. Plaintiff's investigation further revealed that Infringing Garments B and D were sold by SMILES and DOE defendants to ROSS and DOE defendants, and that said defendants were acting in concert in selling garments infringing Plaintiff's copyright.

25. Plaintiff's investigation into the unlawful use of its proprietary designs revealed that Defendant SMILES was creating, distributing, and selling for profit garments which infringed the Subject Design ("Infringing Garments C").

26. None of the aforementioned transactions in Paragraphs 17 through 25 of this Complaint were authorized by Plaintiff, and all were in violation of Plaintiff's intellectual property rights.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

27. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth the allegation contained in the preceding paragraphs of this Complaint.

28. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, accessed the Subject Design through, without limitation, the following: (a) access to Plaintiff's design library; (b) access to authorized or unauthorized reproductions in the possession of other direct and third-party

vendors, retail stores, and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; and (c) access to Plaintiff's strike-offs, swatches, paper CADs and samples (d) access to garments in the marketplace manufactured from fabric lawfully printed through Plaintiff.

29. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed the Subject Design in that said garments were composed of fabric which featured unauthorized print designs that were identical or substantially similar to the Subject Design.

30. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by importing, creating, making, and/or developing directly infringing and/or derivative works from the Subject Design and by importing, producing, distributing, and/or selling Infringing Garments as described in paragraph 17 through 25 of this Complaint through their retail stores and through on-line websites.

31. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

32. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

33. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design in an amount to be established at trial.

34. Plaintiff issued cease and desist letters to Defendants, and each of them, and is informed and believes and thereon alleges that, in spite of their receipt of the aforementioned cease and desist demand letters, Defendants, and each of them, continued to sell Subject Garments in violation of Plaintiff's right as the copyright proprietor and owner of Subject Design. Therefore Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional, and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

35. Defendants, and each of them, willfully and intentionally misappropriated, palmed-off and/or infringed Plaintiff's copyrighted Subject Design, which renders Defendants, and each of them, liable for statutory damages as described herein. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or contributory Copyright Infringement – Against All Defendants)

36. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

37. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, participated in, aided and abetted in, and resultantly profited from the illegal reproduction, importation, purchase, distribution, and/or sales of product featuring the Subject Design as alleged hereinabove.

38. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because

they had the right and ability to supervise the infringing conduct and because they had a direct and financial interest in the infringing conduct.

39. By reason of the Defendants', and each of their, acts of contributory and/or vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

40. Due to Defendants' acts of contributory and/or vicarious copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

41. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have continued to manufacture and/or sell Subject Garments after Plaintiff demanded that they cease and desist from engaging in same. Therefore Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability therefore, including statutory damages under Section 504(c)(2) of the Copyright Act in the sum of one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants', and each of their willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Subject Design renders Defendants, and each of them, liable for statutory damages as described herein. Within the time permitted by law, Plaintiff will make its election between actual and statutory damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### *Against All Defendants*

PLAINTIFF'S COMPLAINT

1. <u>With Respect to Each Claim for Relief</u>
    a. That Defendants, their agents and servants be enjoined from importing, manufacturing, distributing, offing for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in the Subject Design in any manner;
    b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or if elected, before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;
    c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 *et seq.*;
    d. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;
    e. That Plaintiff be awarded pre-judgment interest as allowed by law;
    f. That Plaintiff be awarded the costs of this action; and
    **g.** That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands a trial by jury in this action pursuant to F.R.C.P. 38 and the Seventh Amendment of the Constitution.

DATED: July 17, 2014

By: _____
JOE OLLINGER
LAW OFFICES OF H. TROY FARAHMAND
Attorneys for Plaintiff
STAR FABRICS, INC.

**PLAINTIFF'S COMPLAINT**